**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JEAN THOMAS BRICE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1421-D** |
| | ) | |
| **CHRIS GANTT, Warden, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Jean Thomas Brice, a noncitizen[1] and Haitian national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). The undersigned set an expedited briefing schedule, Doc. 6, and the Petition is at issue. For the reasons set forth below, the undersigned recommends the Court grant the Petition, Doc. 1, in part and order Respondents to release Petitioner immediately subject to an appropriate order of supervision.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. Background

Petitioner, a citizen of Haiti, entered the United States without inspection or admission.[2] The undersigned presumes he was detained by ICE and subsequently released on his own recognizance. *See* Pet. at 7 (alleging he was previously "released on own recognizance" and has "adhered to all conditions of release"). The undersigned also presumes ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed Aug. 4, 2026) (indicating Petitioner's removal proceedings were docketed November 28, 2023).

On March 22, 2026, ICE re-detained Petitioner. Pet. at 3. Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A) but acknowledge that Tenth Circuit precedent compels a different result. Resp. at 1-2. Petitioner did not allege he requested a bond hearing. Such a request, though, would likely be futile because all immigration judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

---

[2] Neither party provides significant factual information about Petitioner's immigration and detention background. Accordingly, the undersigned presumes certain facts based on Petitioner's current detention and Respondents' acknowledgement that Petitioner is entitled to a bond hearing under *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026). *See* Resp. at 1.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Aug. 4, 2026).

## II. Petitioner's Claims

Petitioner asserts three counts in his Petition.

- **Count I: Unlawful Warrantless Arrest.** Petitioner alleges his warrantless arrest without probable cause and subsequent detention are unlawful. Pet. at 7.

- **Count II: Violation of Due Process**. Petitioner challenges his detention without any notice or a meaningful opportunity to respond after previously being released on his own recognizance and complying with all conditions of release. *Id.* The undersigned liberally construes Petitioner to be alleging a violation of his due process.

- **Count III: Violation of Due Process**. Petitioner alleges his continued detention without a bond hearing pursuant to 8 U.S.C. § 1226 violates his due process. Pet. at 7. The undersigned liberally construes Petitioner to be alleging a violation of both § 1226 of the INA and of due process.

He asks the Court to "order [his] immediate release on an appropriate order of supervision" or, alternatively, to order "a custody redetermination before a neutral decision maker" who must consider alternatives to detention and Petitioner's ability to pay bond. *Id.* at 8 (citation modified).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges his detention without a bond hearing pursuant to § 1226 is a violation of due process. Pet. at 7. Respondents maintain Petitioner is detained under § 1225(b)(2)(A) but acknowledge that binding Tenth Circuit precedent compels otherwise. Resp. at 1-2.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like

Petitioner. *Santillan Quiroz*, 180 F.4th at 1235-49. In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See Zhong v. Gantt*, No. CIV-26-1324-D, 2026 WL 2113998, at *2 (W.D. Okla. July 22, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[3]

[3] This conclusion is also in accord with persuasive authority in the Second, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Rodriguez Vazquez v. Bostock*, No. 25-6842, --- F.4th ----, 2026 WL 2196424, at *26 (9th Cir. July 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, --- F.4th ----, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a petition for a writ of certiorari to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026); Cert. Pet., *Cunha v. Freden*, No. 26-104 (filed July 23, 2026).

### B. Petitioner's warrantless arrest violated the INA, and the proper remedy is release.

Under § 1226(a), a noncitizen may only be arrested and detained "on a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (citation modified). Petitioner alleges his warrantless arrest was unlawful and without probable cause. Pet. at 7. Respondents, on the other hand, do not allege Petitioner was properly arrested "on a warrant." Nor do they provide a copy of any warrant in connection with Petitioner's arrest on March 2, 2026. In fact, Respondents fail to address Petitioner's claim that he was arrested without a warrant as required by § 1226(a) in their pro forma Response.

"Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Sergio P. v. Bondi*, No. 26-CV-1538, 2026 WL 497290, at *2 (D. Minn. Feb. 23, 2026) (citation modified). Here, there is no evidence in the record of a properly issued warrant for Petitioner's arrest under § 1226(a), and Respondents do not assert one exists. Without evidence in the record, Respondents cannot rebut Petitioner's allegation that he was detained without a warrant. *See Owdetallah v. Bondi*, No. CIV-25-1546-SLP, 2026 WL 483648, at *4 (W.D. Okla. Feb. 20, 2026) (holding that where "supporting facts were necessarily in ICE's possession at the time of re-detention and remain within its control," the government should produce "documentation" of those facts); *cf. Sajbochol v. Figueroa*, No. CIV-26-193-J, Order, Doc. 14 at 3 (W.D. Okla. Apr. 16, 2026) (declining to adopt recommendation that noncitizen

detainee be released where the government included the warrant with its objections to the Magistrate Judge's Report and Recommendation).

Without evidence of any warrant in the record, the undersigned concludes Petitioner was improperly detained pursuant to § 1226(a) without a warrant, and his detention was unlawful from the moment it began. Accordingly, the Court should grant Petitioner immediate release, subject to any appropriate order of supervision. *See, e.g.*, *Li v. Gantt*, No. CIV-26-909-R, 2026 WL 2045005, at *1 (W.D. Okla. July 15, 2026) (ordering immediate release subject to an order of supervision for a petitioner detained under § 1226(a) where "nothing in the record indicates Petitioner was properly arrested pursuant to a warrant or that conditions were present which might have justified his warrantless arrest") (citation modified); *Aguilar-Huanga v. Figueroa*, No. CIV-26-115-J, 2026 WL 821474, at *3 (W.D. Okla. Mar. 25, 2026) (ordering immediate release "subject to an appropriate Order of Supervision" for a noncitizen who had been detained under § 1226(a) where his "arrest was warrantless"); *Singh v. Bondi*, No. CIV-26-43-J, 2026 WL 483651, at *12 (W.D. Okla. Feb. 12, 2026) (recommending immediate release for a noncitizen detained under § 1226(a) where no warrant was issued for his arrest), *adopted*, 2026 WL 483482 (W.D. Okla. Feb. 20, 2026).

Other courts outside this District have similarly ruled. *See, e.g.*, *Canedo-Luna v. Valdez*, No. 26-CV-02094, 2026 WL 1753563, at *4 (D. Colo. June 18, 2026) (citing Judge Jones's order in *Singh* and ordering immediate release under § 1226(a) for a similarly situated petitioner who "clearly alleges circumstances surrounding her arrest, which render the existence of a warrant highly unlikely," and "Respondents have not controverted any

of these allegations"); *Djiwaje v. Bondi*, No. 26-CV-00344, 2026 WL 926753, at *3 (D. Nev. Apr. 6, 2026) (citing Judge Jones's order in *Singh* and ordering immediate release after finding no lawful administrative warrant had been issued for petitioner's arrest under § 1226(a)); *Laura E.P.G. v. Bondi*, No. 26-560, 2026 WL 242266, at *1 (D. Minn. Jan. 29, 2026) ("Where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a) . . . the appropriate remedy is release from custody."); *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. Sep. 21, 2025) ("To put it simply, Petitioners' detentions are improper because there is no evidence in the record that they were arrested pursuant to a warrant. Since the Government did not comply with the plain language of section 1226(a), their immediate release is justified.").

### C. The Court should decline to address Petitioner's remaining claims because at most they would entitle him to a bond hearing.

Petitioner also argues that his continued detention without a bond hearing violates § 1226(a) of the INA and his rights to due process. Pet. at 7. If the Court adopts the undersigned's recommendation and orders Petitioner's release because he was not arrested pursuant to a warrant, the Court should decline to decide the merits of Petitioner's remaining claims based on his detention without notice or opportunity to response and without an individualized bond hearing. *See, e.g.*, *Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."). At most, Petitioner's INA and due process claims based on his continued

detention entitle him to a bond hearing pursuant to § 1226(a) at which he will bear the burden of proof, consistent with this Court's prior rulings and Tenth Circuit precedent. *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Zhong*, 2026 WL 2113998, at *2 (concluding because § 1226(a) governs petitioner's detention, he "is therefore entitled to a bond hearing").

## V. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to release Petitioner immediately subject to an appropriate order of supervision.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **August 11, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **August 14, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 4th day of August, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE