**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JEAN THOMAS BRICE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1421-D |
| | ) | |
| CHRIS GANTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

# <u>ORDER</u>

Petitioner Jean Thomas Brice filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Haiti who entered the United States without inspection or admission. Petitioner was re-detained by the United States Immigration and Customs Enforcement (ICE) on March 22, 2026, and his removal proceedings are ongoing. Petitioner is currently detained at the Cimarron Correctional Facility in Cushing, Oklahoma.

Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). Petitioner alleges that he has not received a bond hearing since his re-detention by ICE. Petitioner seeks release from custody or, alternatively, a bond hearing pursuant to § 1226(a).

The matter was referred to United States Magistrate Judge Chris M. Stephens for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). [Doc. No. 4]. On August 4, 2026, Judge Stephens issued a Report and Recommendation [Doc. No. 9], recommending that the Court grant in part the Petition. Respondents filed a timely

objection to the Report. [Doc. No. 10]. Thus, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3).

In his Report, Judge Stephens recommends the Court find that Petitioner's detention is governed by § 1226(a) and release Petitioner due to the lack of evidence in the record of a properly issued warrant for Petitioner's arrest.

Although Respondents respectfully disagree with the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026), they concede that *Santillan Quiroz* controls this Court's decision in this habeas action. Further, in response to the Report, Respondents provide a copy of Petitioner's arrest warrant. The Court finds this sufficient to establish Petitioner was lawfully arrested pursuant to an arrest warrant.

Accordingly, § 1226(a) controls Petitioner's detention, and, because the Court finds Petitioner was lawfully arrested, Petitioner is therefore entitled to a bond hearing.[1] *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 9] is **ADOPTED in part** as set forth herein. Respondents shall provide Petitioner with a

[1] Given this determination, the Court declines to address Petitioner's remaining claims at this time.

bond hearing under 8 U.S.C. § 1226(a), **within 7 days of the date of this Order**, or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 12th day of August, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE